UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| MYRA DIANE COMBS, | ) |
| | ) |
| Petitioner, | ) No. 2:08-0109 |
| | ) (Crim. Case No. 2:03-00006) |
| v. | ) Judge Echols |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

Pending before the Court is Petitioner Myra Diane Combs' "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody" (Docket Entry No. 1). The Government has filed a response in opposition to that Motion. (Docket Entry No. 6).

## I. BACKGROUND

On April 23, 2003, a federal grand jury returned an eight count Indictment against Petitioner and three others, charging them with various offenses relating to the manufacturing, possession and distribution of methamphetamine. Attorney David R. Heroux was appointed as counsel for Petitioner.

On October 23, 2003, a Superseding Indictment was returned against Petitioner and her three co-defendants. In the Superseding Indictment, Petitioner was charged with conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine (Count One), possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine (Count Two), unlawful possession of chemicals and equipment for manufacturing methamphetamine (Count Three), possession of firearms in furtherance of a drug trafficking crime

1

(Counts Four, Five, Six and Eight), and possession of a sawed-off shotgun (Count Nine). In anticipation of the jury trial scheduled to commence on February 24, 2004, counsel for the Petitioner filed assorted motions, including a Motion for Additional Peremptory Challenges, a Motion to Limit the Government's Peremptory Challenges, a Motion for Early Disclosure of Jencks Act Material, a Motion to Have Subpoenas Served by the United States Marshal, and two Motions in Limine. Counsel for Petitioner also submitted proposed jury instructions.

After a six day trial, the jury returned a verdict on March 4, 2004, finding Petitioner guilty on Counts One through Four and not guilty as to Counts Five, Six, Eight, and Nine. A Presentence Report was subsequently prepared and presented to the parties. Counsel for Petitioner filed a nine-page "Position of the Defendant With Respect to Sentencing Factors" in which counsel made specific objections to all or portions of nineteen enumerated paragraphs contained in the Presentence Report, as well as to a chart which was contained in the Presentence Report. Counsel also filed a Motion for Downward Departure.

On May 24, 2004, Petitioner was sentenced to 420 months imprisonment, followed by a period of supervised release of five years. Counsel for Petitioner filed a Notice of Appeal on May 26, 2004. On July 14, 2004, the Court entered a Judgment and Commitment Order. Shortly thereafter, on July 23, 2004, a Rule 35 Motion for Correction or Reduction of Sentence was filed in which counsel argued that the jury returned a general verdict and did not make any findings with respect to such things as the amount of methamphetamine involved in the conspiracy. A second sentencing hearing was held on February 16, 2006, and Petitioner's sentence was reduced to 181 months of incarceration, followed by a five-year term of supervised release.

On November 1, 2007, the United States Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction. The instant Motion was filed on November 17, 2008, although it was mailed from Petitioner's place of incarceration on October 8, 2008.

## II. **STANDARD OF REVIEW**

To prevail on a § 2255 motion, the Petitioner must establish either an error of constitutional magnitude that had a substantial and injurious effect or influence on her criminal proceeding, see Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), or the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 348 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993). Claims of error must be raised in the trial court and on direct appeal or such claims are procedurally defaulted. See Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000).

Under Rule 8 of the Rules Governing Section 2255 Proceedings, the Court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Petitioner is not entitled to an evidentiary hearing if the § 2255 motion and the record of the case conclusively show that she is not entitled to relief. See Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995). Finally, when the trial judge also hears the collateral proceedings, the judge may rely on his recollections of the prior proceedings in ruling on the collateral attack. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

3

## III. ANALYSIS

Petitioner presents two grounds in her Motion, both of which relate solely to the alleged ineffective assistance of counsel. Specifically, in ground one, Petitioner claims that there was inaccurate information in the Presentence Report which counsel did not address. In ground two, Petitioner claims counsel was ineffective on appeal.

To establish ineffective assistance of counsel, Petitioner must show that her counsel's performance was deficient and that the deficiency prejudiced her. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Evitts v. Lucey, 469 U.S. 387, 396 (1985). Petitioner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against her. Strickland, 466 U.S. at 687; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999).

A reasonable probability is one sufficient to undermine confidence in the outcome; it is a less demanding standard than "more likely than not." Strickland, 466 U.S. at 697. A court need not address both parts of the Strickland test if the Petitioner makes an insufficient showing on one. Id.

As indicated, Petitioner first claims counsel was ineffective in failing to address purported errors in the Presentence Report. In support of this contention, Petitioner sets forth the following "supporting facts":

> I remember reviewing the PSA and seeing opinionated items on it and not agreeing with a lot. I know I mentioned it to my attorney but from there I don't know.

(Docket Entry No. 1 at 4).

Conclusory statements are insufficient to warrant relief under Section 2255. Lovejoy v. United States, 1996 WL 331050 at *3 (6th Cir. 1996). Likewise, unsupported challenges without a

4

showing of prejudice are insufficient to establish the ineffective assistance of counsel. Mitchum v. United States, 76 Fed. Appx. 796, 798 (6th Cir. 2003). Instead, "[w]hen a defendant files a § 2255 motion, [s]he must set forth facts that entitle h[er] to relief." United States v. Thurman, 2006 WL 2336337 at *12 (E.D. Tenn. 2006)(citing, Green v. Wingo, 454 F.2d 52, 53 (6th Cir. 1972)). "A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit." Id.

In this case, Petitioner has set forth no facts which would entitle her to relief on any claim that counsel failed to properly object to the Presentence Report. All she claims is that she saw some "opinionated items" with which she did not agree and which she noted to counsel. However, as this Court's recitation of the facts make clear, it is not as if counsel took the Presentence Report at face value. Instead, he filed a nine-page position paper in which he took issue with nineteen separate paragraphs of the Presentence Report. Given those objections and Petitioner's inability to point out any items that were incorrect in the Presentence Report that were not corrected or objected to by counsel, Petitioner has not shown that counsel was deficient or that any alleged deficiency prejudiced her.

In her second ground, Petitioner claims that counsel was ineffective on appeal. Specifically, Petitioner alleges the following:

> I don't think the appeal should have been handled by the trial lawyer. I think an appellate attorney would have had a fresh view on the appeal of the gun charge. The gun was said to be one thing (type) and it was another. It was claimed by my husband. I was told my attorney was underpaid also and I truly believe he lost interest and didn't want to help me further.

(Docket Entry No. 1 at 5).

5

Again, Petitioner's claim is conclusory and bereft of any facts which would allow the Court to conclude that counsel was either deficient or that Petitioner was prejudiced by any alleged deficiencies. It is not uncommon for trial counsel to represent a client on appeal and this is generally beneficial to the client because counsel is intimately familiar with the record and all the minutiae of details about what transpired before the trial court. Petitioner's claim that counsel supposedly referenced one type of firearm on appeal when he should have referenced a different one and further that Petitioner's husband claimed the firearm is of no moment. The appeals court found that there was sufficient evidence to convict petitioner for possession of a firearm in furtherance of a drug trafficking crime under a Pinkerton liability theory because a gun was found in the headboard of Petitioner and her husband's bed in a room which was used to manufacture methamphetamine. United States v. Combs, 253 Fed. Appx. 532, 534 (6th Cir. 2007).

Finally, Petitioner's suggestion that counsel may have run out of steam and that she "was told" he was underpaid is not supported by anything other than Petitioner's unadorned belief. The Court notes that David Heroux is a very experienced criminal defense attorney. Throughout the course of his representation of Petitioner in this Court he was an effective and able advocate. He filed numerous motions and proposed jury instructions, and he effectively tried the case before a jury. Counsel filed numerous objections to the Presentence Report, ably represented Petitioner at sentencing and Petitioner's sentence was significantly reduced after counsel filed a motion for sentence reduction. The Court has absolutely no basis for concluding that counsel was any less effective or zealous on appeal.

6

## IV. CONCLUSION

On the basis of the foregoing, Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody" (Docket Entry No. 1) will be denied. The case will be dismissed with prejudice. No certificate of appealability will issue because Petitioner cannot demonstrate that reasonable jurists would find debatable or wrong this Court's conclusion that counsel was not ineffective or that any alleged ineffectiveness prejudiced the Petitioner. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE